[The following opinions were retained on petitions for re-hearing, and did not come into my hands in time for insertion in their chronological order.— REPORTER.]

## AMERY v. THE CITY OF KEOKUK.

1. **Cities and Towns:** MACADAMIZING STREET: ASSESSMENT UPON ABUTTING LOTS: NOTICE TO OWNERS. The defendant city ordered the street which ran in front of plaintiff's lot to be macadamized, and apportioned the cost thereof to the abutting lots, or parts of lots, according to the number of feet which each fronted upon the improved street, and levied a tax on each such lot, or part of lot, accordingly, without giving notice to the owners of the lots, or an opportunity to be heard as to the amount of such levy in any case. Plaintiff owned only a portion of a lot, and her portion lay along the street, and she claimed that the whole lot, and not only her portion, should bear the tax which was assessed against her portion. *Held* that, under § 2, Chap. 45, Laws of 1872, providing that the cost of such improvements might be assessed "upon the lots or parcels of ground, or any part of either of the same, fronting or lying along the street," and under the ordinance of the city, which provided that the cost of such improvements should be charged to the lots, or parts of lots, according to the number of feet each had fronting or abutting in the improved street, the city authorities had nothing to do in levying the tax but to measure how much each lot or part of lot fronted on the street, without inquiring how far back from the street the rights of the several owners extended, and to apportion the cost accordingly; and that, this being a mere mathematical calculation, notice and an opportunity to be heard could not have availed the owners anything, and that, therefore, no notice was necessary in order to make the tax valid. (See opinion for cases followed and distinguished.)

*Appeal from Lee Circuit Court.*

THURSDAY, DECEMBER 23, 1886.

THE plaintiff seeks by this action to recover from the city of Keokuk certain taxes paid for macadamizing a street, which taxes were levied upon certain real estate of the plaintiff abutting upon the street upon which the improve-

ment was made. There was a trial to the court without a jury, and a judgment was rendered for the plaintiff for the amount claimed. Defendant appeals.

*Anderson, Davis & Hagerman*, for appellant.

*W. B. Collins*, for appellee.

ROTHROCK, J.—I. The city council of the city of Keokuk, on the 10th day March, 1882, ordered that Franklin street, in said city, be macadamized from Ninth to Tenth streets. The work was let to a contractor at a stipulated price. During the progress of the work, the city made an apportionment of the expense of the work among the owners of the abutting property, by which apportionment they charged the cost of the improvement, by virtue of the contract, to the lots and parts of lots, according to the number of feet which each lot or part of lot fronted on said improvement. There was apportioned to certain parts of lots owned by plaintiff the sum of $148.70. At a meeting of the city council on the 16th day of October, 1882, the plaintiff appeared before the council by one King, and presented a petition asking that the contract for macadamizing be annulled, and the work discontinued. At this time the apportionment for the work had been made. The plaintiff's petition was referred to the street committee, and at a meeting held on the 9th day of November, 1882, the committee reported in favor of the work as originally ordered, and at the same meeting the tax upon plaintiff's lots was levied. The work was not finally completed until April 5, 1883. The plaintiff failed to pay the tax, and one Collins, acting for a loan association which held a mortgage on plaintiff's property, paid the tax, because the loan association was authorized by the mortgage to pay delinquent taxes and include the amount in the mortgage debt. The payment was made on the 28th day of November, 1883, and at the time the lots were about to be offered for sale for the pay-

ment of the delinquent tax. This suit was commenced on the 20th day of October, 1884.

The ground of complaint against the tax is that the plaintiff was entitled to notice of the assessment of the tax, and an opportunity to be heard before the council. The plaintiff's counsel, in argument, uses this language: "There is but one question in this case; and that is, was the appellee entitled to a notice of the equalization and assessment of the amount expended for this improvement before the council levied the same as a tax?" And the cases of *Gatch v. City of Des Moines*, 63 Iowa, 718; *Trustees of Griswold College v. City of Davenport*, 65 Id., 633; and *Auer v. City of Dubuque*, 65 Id., 650, are cited as conclusive of the question in favor of the appellee.

It is not claimed that the lots, or rather parts of lots, owned by the plaintiff, are not chargeable with the payment of part, at least, of the tax which was levied and paid by the loan association, the holder of the mortgage. The property abuts upon the street where the improvement was made, and is subject to a tax in some amount. *Warren v. Henly*, 31 Iowa, 31. There can be no escape from this conclusion. All that the plaintiff can claim is an opportunity to be heard as to the amount of the tax. Now, if the mere measurement of the front of the lots abutting upon the improved street, and the mathematical calculation of the plaintiff's portion of the tax, required that notice be given to plaintiff of the proceedings in the matter of the assessment and levy, all that such notice could avail would be to prevent or correct mistakes in the amount chargeable to plaintiff's property. We do not think that a notice to the owner, in a case like this, should be held to be essential to the validity of the assessment and levy. It appears to have been quite uniformly held that where the only act necessary to ascertain the amount of the assessment upon the property is a plain mathematical calculation, and no discretion is left to the city council, no notice is necessary. *Cleveland v. Tripp*, 13 R.

I., 50; *Clapp v. City of Hartford*, 35 Conn., 66; *Mayor of Baltimore v. Johns Hopkins Hospital*, 56 Md., 1; *Hagar v. Reclamation Dist.*, 111 U. S., 701; S. C. 4 Sup. Ct. Rep., 663; *Gillette v. City of Denver*, 21 Fed. Rep., 822.

The plaintiff did not own all of the lot which abutted on the street, but she was the owner of that part of it which bounded the street. It is contended that part of the lot was not chargeable with the whole of the tax, but that the interior part was also chargeable. But section 2 of chapter 45, Laws 1872, provides that the asssessment may be made "upon the lots or parcels of ground, or any part of either of the same, fronting upon or lying along the street;" and the ordinance of the city provided that the expense and cost of improvements of this character should be charged to the lots, or parts of lots, "according to the number of feet each has fronting or abutting" on the improved street. All that was required, under the law and the ordinance, was the lineal measurement of the front of the lots, or parts of lots, abutting on the street, and the division of the whole cost among the owners in proportion to the front owned by each. There was no authority, under the law and ordinance, to institute an inquiry as to how far back from the street the rights of the abutting owners extended.

The facts in the case of *Gatch v. City of Des Moines*, *supra*, upon which we held that plaintiff in that case was entitled to notice, were not like the facts in the case at bar. In that case the method of ascertaining the area of property chargeable with the tax was very much more complicated than in the case at bar, and it was provided by ordinance that a committee of the city council should audit and correct the estimate; and the tax was not all required to be levied upon abutting property, but upon the whole area of property within a certain distance of the improvement; and this area was not uniform in width on each side of the street, but was varied by reason of the alleys between the lots. And in the case of *Trustees of Griswold College v. City of Davenport*,

*supra,* we held that a notice was necessary, because it was discretionary with the city council whether all of the cost of the improvement should be assessed to the lot owners. And all that was determined in *Auer v. City of Dubuque, supra,* was that it was incumbent on the city to show that notice to the lot owner would have been of no avail to him; and that, as it did not appear how the assessment was to be made, we held the owner in such case entitled to notice.

Our conclusion is that the assessment was legally made, and it is therefore unnecessary to determine other questions argued by counsel. REVERSED.