LYMAN v. PLUMMER et al.

Cities and Towns: NOTICE OF SPECIAL ASSESSMENTS: WHAT SUFFICIENT. When notice of a special assessment on city property to pay for street improvement is necessary to be given to the respective owners, and the city has provided by ordinance for giving such notice by publication in a newspaper of general circulation published in the city, notice given in accordance with the provisions of such ordinance is sufficient, and personal notice is not required. (See opinion for citations).

Appeal from Pottawattamie District Court.—HON. H. E. DEEMER, Judge.

FILED, OCTOBER 5, 1888.

ACTION in equity to restrain the collection of a special assessment on real estate owned by the plaintiff, made by the city of Council Bluffs. The relief asked was granted, and the defendants appeal.

G. A. Holmes, for appellants.

F. M. Hunter, for appellee.

SEEVERS, C. J.—The plaintiff is a resident of and the owner of real estate in the city of Council Bluffs. Since the taking effect of chapter 20, Acts Twentieth General Assembly, the city of Council Bluffs passed an ordinance providing for the assessment and collection of special assessments made by the city to pay for improving the streets, and making the same liens on abutting real estate. The ordinance provided that the city council, when the work has been done, and assessments

made to pay therefor, shall "pass a resolution containing a correct description of the property, lot, block, or parcel of land, and street, and state when the improvement was made, the kind, and cost of the same, and amount chargeable to each lot or part of lot, which said resolution shall be published three times successively in some daily newspaper of general circulation published in said city, and any owner or owners aggrieved, or having any objection to said special assessment against his or their property as aforesaid, shall, within ten days from the date of the last publication, file with the city clerk any written objections he or they may have" to such improvements and special assessments. Such a resolution was duly passed, and published as provided in the ordinance, and in the publication the plaintiff was named and designated as "probable" owner of the real estate described in the petition. No notice other than the publication of the resolution for the required length of time was given to or served upon the plaintiff. The amount in controversy being less than one hundred dollars, we are required to determine such questions only as have been certified to us by the trial judge, one of which is as follows: "Is the notice, published by resolution, as provided by the ordinance, sufficient notice to the resident property-owners, and is it sufficient notice to give resident property-owners an opportunity to be heard before the special assessment complained of was made, taking into consideration the fact that the city of Council Bluffs is organized under the general incorporation law?" In considering this question it must be assumed that a notice of some kind was essential, and without it the tax is invalid. It is not claimed that the notice published was in any respect insufficient, except that it was not served personally on the plaintiff. The power of the city to make the improvement in question is not denied, and the power is expressly conferred upon it to provide, by an ordinance, the mode in which the charge on the respective owners of real estate shall be assessed. Code, sec. 478. There is no statute which requires a personal notice, nor is

Lyman v. Plummer.

there a statute which requires any notice, to be given. That it is competent for the general assembly to prescribe the kind of notice, whether personal or by publication in a newspaper, cannot, we think, be doubted. It was so held in *Stuart v. Palmer*, 74 N. Y. 183. See, also, *Macklot v. City of Davenport*, 17 Iowa, 379 ; *Henkle v. Town of Keota*, 68 Iowa, 334. No case has been cited which holds that personal notice is required, and we do not think any well-considered case can be found which so holds. We shall assume that it would have been competent for the general assembly to provide that such a notice as was published was sufficient. When the power was conferred on the city to prescribe, by an ordinance, the mode or manner in which the charge for the improvement should be made, it embraced the right on the part of the city to do all things necessary to make the assessment a valid charge against the owners of property abutting on the streets. By necessary implication, the power was conferred on the city to prescribe the notice that should be given. In this respect the city was vested with all the powers vested in the general assembly, and, if it was competent for the general assembly to provide that a notice by publication should be given, such power, by necessary implication, was conferred on the city. If the city had provided that personal notice should be given, and this had been done, its sufficiency could not have been doubted. This being so, it follows that the city could provide that a notice by publication should be given, and the force and effect of both must necessarily be the same. The foregoing question must be answered in the affirmative. It is unnecessary to determine the other questions certified.

REVERSED.