JONATHAN BOYCE v. NELS PETERSON.

*Municipal corporations—Taxes—Resolution of council—Meeting of board of review—Notice—Replevin.*

1. A designation by the common council of the amount of tax to be raised in a village under How. Stat. §§ 2923–2925, by a fixed percentage, is sufficient.  *Fay v. Wood*, 65 Mich. 392 (head-note 5).

2. There is no provision of the statute requiring the evidence of the posting of notices of the meeting of the board of review in a village to be recorded.

3. Replevin will not lie for property seized by the proper officer, under a tax roll and warrant fair upon their face, to satisfy a tax.[1]  *Lumber Co. v. Dean*, 73 Mich. 460 (head-note 3).

Error to Muskegon.   (Dickerman, J.)   Argued January 9, 1891.   Decided February 6, 1891.

Replevin.   Plaintiff brings error.   Affirmed.   The facts are stated in the opinion.

*F. W. Cook*, for appellant.

*DeLong & O'Hara*, for defendant.

---

[1] See *Mogg v. Hall*, 83 Mich. 576.

GRANT, J. This is an action of replevin for 250,000 feet of piece stuff lumber, alleged in the declaration to be of the value of $5,000. The defendant was the collecting officer of the village of North Muskegon, and by virtue of the tax warrant had levied upon this property to collect the tax assessed against the plaintiff for the year 1889. Upon its seizure the plaintiff brought this suit, and obtained possession of the property. Upon the trial the following stipulation was filed:

" 1. That plaintiff was the owner of the property described in the declaration in this cause at the time it was seized by the defendant, and at the time this suit was brought, subject to any legal lien which it may be found the defendant had upon it, if any.

" 2. The plaintiff was, on the second Monday in April, 1889, the owner of the personal property sought to be assessed for taxes by the assessor of the village of North Muskegon upon the assessment roll of said village that year, and that said personal property was subject to assessment by said village for taxes of said village for that year.

" 3. That defendant had possession of the property described in plaintiff's declaration on the 2d day of October, 1890, and had such possession when this suit was commenced, and that such possession was unlawful unless he can justify such possession."

The plaintiff thereupon rested his case. The defendant then introduced in evidence the assessment roll, which showed that plaintiff was assessed on personal property, valued at $80,000, as follows: General tax, $1,000; highway tax, $100; interest and sinking fund, $240,—making a total of $1,340. To this roll was attached the certificate of the board of review, certifying that—

" The foregoing is the assessment roll of said village for the year 1889, and that the said roll was revised, corrected, and approved by us May 9 and 10, 1889."

To it also was attached the certificate of the president and clerk of the village, certifying that the roll had been

duly examined and approved by the village council at a regular meeting, and that the assessor was ordered and directed to assess the taxes for the current year on the real and personal property as follows, to wit: One and one-quarter of 1 per cent. for general purposes; one-eighth of 1 per cent. for highway and street purposes; one dollar for poll-tax; three mills on each dollar for interest and sinking fund; and also certain sums against certain persons and descriptions of property for certain special assessments. To it was also attached the certificate of the assessor in the usual form, and certifying that the total amount of the taxes assessed upon said roll was as follows: For general purposes, $7,577.04; highway taxes, $756.95; interest and sinking fund, $1,818.55; poll-tax, $469; repairing sidewalks $49.71,—total tax assessed, $10,671.25. There was also attached in proper form the president's warrant to the defendant for the collection of the tax.

The plaintiff offered in evidence the resolution of the village council which corresponds to the certificate of the president and clerk above given, which was the only resolution passed for raising taxes that year. The records of the council do not contain any proof of the posting of notices of the meeting of the board of review of that year. On cross-examination by defendant's counsel, the clerk of the village, who was assessor in 1889, testified that, upon the completion of the roll, he posted the notices of such meeting in the requisite number of public places, but there was no evidence showing the exact time when they were posted.

1. How. Stat. §§ 2923–2925, authorize the common council of any village to raise by general tax upon all the real and personal property sums not exceeding a certain rate per cent. for general expenses, for highway and street purposes, and a poll-tax. None of the amounts

raised exceeded the percentage authorized by law, but it is insisted that the common council should have specified in the resolution the exact amount raised for each fund. This point is expressly ruled by *Fay v. Wood*, 65 Mich. 390, wherein a designation of the amount by a fixed percentage was sustained.

2. It is next insisted that the assessment roll was void, because there is no evidence showing the length of time the notices of the meeting of the board of review were posted before the day of meeting. The law requires them to be posted not less than five days before the day of meeting. There was no record evidence of the posting of these notices. How. Stat. § 2930. There is no provision of the statute requiring the evidence of the posting of these notices to be recorded. The tax roll was legal upon its face, and it was therefore the duty of the plaintiff to show that these notices were not posted. He did not complete his defense on this point by showing that such proof was not entered upon the records Act No. 195, Laws of 1889, § 85 (3 How. Stat. § 1170*i*4), provides:

"No tax　*　*　*　shall be held invalid on account of any irregularity in any assessment, or on account of any assessment or tax roll not having been made or proceeding had within the time required by law,　*　*　* or on account of any other irregularity, informality, or omission, or want of any matter of form or substance in any proceeding, that does not prejudice the rights of the person whose property is taxed."

Plaintiff does not show or claim that he was injured or prejudiced. He does not claim that he did not know of the time fixed for the meeting. His objection is technical, without merit, and cannot be sustained. But the tax roll was valid upon its face, and therefore replevin will not lie. *Hill v. Wright*, 49 Mich. 229; *Hood v. Judkins*, 61 Id. 575.

3. The judge directed a verdict for the amount of the tax, viz., $1,471.77. Plaintiff now insists that there was no evidence of the value of the property seized, and that therefore the judgment cannot be sustained, as the property may not have been worth the amount of the tax. This point does not appear to have been raised in the court below. We think the fair inference from the record to be that the case was tried upon the understanding that the property was worth more than the amount of the tax, and that, if verdict and judgment went for the defendant, they should be for the amount involved.

We find no error upon the record, and judgment is affirmed, with costs.

The other Justices concurred.