LEONA W. ZELIE, Guardian, v. THE CITY OF WEBSTER CITY AND J. C. LENNING, Treasurer of Hamilton County, Iowa, Appellants.

| 94 | 393 |
| 120 | 439 |
| 94 | 393 |
| f125 | 403 |
| 126 | 684 |

**Void Municipal Assessment.** Code, 478, empowers cities to make special assessments by *general ordinance.* *Held,* an assessment to repay expenditures of the city in making an improvement is void, if made under resolutions which differ materially from a general ordinance passed under said statute.

*Appeal from Hamilton District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

SATURDAY, APRIL 6, 1895.

Action in equity to enjoin the collection of a tax.
Decree for plaintiff. Defendants appeal.—*Affirmed.*

*Geo. Wambach* for appellants.

*Wesley Martin* for appellee.

Kinne, J.—I. Plaintiff, as the guardian of Clar-
ence W. Zelie, a minor, brings this action, and avers in
substance that the defendant city, in the year 1891,
curbed, graveled, and guttered the highway or street
adjoining certain lots of which said minor was in part
owner, and charged up against said property therefor
the sum of one hundred and fifty-four dollars and nine-
teen cents; that plaintiff had no notice, actual or con-
structive, of the pretended assessment levied upon said
property, and that the sum thus assessed is unreason-
able, exorbitant, and oppressive; that without author-
ity of law said city certified said pretended assessment
to the county auditor of Hamilton county, and the
same has been entered upon the tax lists of said county
as a pretended lien upon said property, and the treas-
urer is proceeding to sell the property for the aforesaid
sum with exorbitant, illegal, and unauthorized penal-
ties. It is averred that said assessment is illegal, in
that no legal mode has been provided by ordinance for
the special assessment as attempted, that no notice was
given plaintiff, nor was she afforded an opportunity
to contest the amount claimed to be due, and that all
acts of the city had touching said assessment were with-
out jurisdiction. The prayer is that the assessment
be decreed void and canceled, and the defendants
enjoined from attempting to enforce the collection of
the assessment. Defendants, in an answer and cross
bill, deny the material allegations of the petition, and
aver: That due notice was given plaintiff. That the

work was done under the authority of the city council; and set out certain resolutions adopted by the council condemning the sidewalk adjoining plaintiff's premises, and ordering its removal; also ordering the curbing and guttering of the street adjoining said premises; also ordering a sidewalk to be constructed adjoining plaintiff's premises. That said resolutions were published, as required by law, and plaintiff duly notified, and requested to comply therewith. That the work was done in compliance with said resolutions, and, after plaintiff's failure to pay for the same, the sum due was returned, and placed upon the tax books in conformity with law. The cross bill sets out the character of defendant city, the ownership of plaintiff of the lots, the action of the council, the publication of notice, the doing of the work and payment therefor by the city, and demands a judgment against plaintiff for said sum, and asks that it be decreed a lien upon said lots, and that a special execution issue for their sale. In a reply, plaintiff denies that any assessment was made, and avers that no legal mode for the special assessment had been provided, and that the assessment was void, and denied the notice.   On a trial the court entered a decree for plaintiff as prayed.

II.   Our statute provides: "Each municipal corporation may, by a general ordinance, prescribe the mode in which the charge on the respective owners of lots or lands, and on the lots or lands, shall be assessed and determined for the purposes authorized by this chapter; such charge when assessed shall be payable by the owner or owners at the time of the assessment personally, and shall also be a lien upon the respective lots or parcels of land from the time of the assessment." Code, section 478.   As no charge was made by the city for removing the sidewalk, we need pay no attention

to the resolution relating thereto. The two other res-
olutions upon which this right to collect the tax is
based provided for no notice, and no tribunal to make
the assessment; nor did they provide any mode for
determining the amount to be paid by the lot owner;
neither did they provide for a hearing by the lot owner.
The resolution relating to the building of the sidewalk
provided for its publication; the other did not. It will
be observed that neither in the answer nor cross bill is
there any reference to any ordinance of the city pre-
scribing the mode in which the charge on the respective
owners of lots or on the lots themselves should be
assessed and determined. We have seen that the stat-
ute above set forth only confers jurisdiction to act as
therein contemplated after the passage of a general
ordinance prescribing the mode in which such charges
shall be assessed and determined. While such an
ordinance was in fact introduced in evidence on the
trial, it is not claimed that the city, in the proceedings
taken by it, conformed to its provisions. It is clear to
us that the resolutions conferred no power upon the city
to do what it did. The statute (Code, section 478)
authorizes the cost of such improvements to be made a
charge upon the lots affected if the improvements are
made in pursuance of a general ordinance. They were
not so made. No notice was given the lot owner, and
the resolutions did not provide for such notice, nor was
the lot owner allowed the alternative of making the
improvement as the ordinance required should be done.
The statute having fixed the mode of procedure, that
mode must be followed. 2 Dillon Mun. Corp. 769. The
trouble in this case is that the city undertook to make
the improvements, not under the ordinance, but inde-
pendent of it. By section 6 of the ordinance it is con-
templated that the owner shall have a certain time, to

be fixed in the resolution, in which to make the improve-
ment provided for.    By section 8 of the ordinance the
one doing the work for the city must return to the coun-
cil an itemized statement, sworn to, of the cost thereof;
and the next section requires that notice be given to the
person liable therefor, which must contain a general
statement of the character of construction or improve-
ments for which an assessment is to be made, a descrip-
tion of the property affected thereby, and the amount
expended or returned against such lot, etc., and that at
a time to be fixed, not less than twenty days after the
posting and publication of such notices as are therein-
after provided, the council will be present at a place
therein designated to hear objections thereto.    A copy
of said notice is also required to be posted in a con-
spicuous place in the postoffice in said city at least
twenty days prior to said meeting, and also published
in a newspaper.    By section 10 of the ordinance it is
provided that at the time and place designated in such
notice the council shall meet, hear, and consider all
lawful objections to the assessment, and correct errors
therein; whereupon the council must adopt the cor-
rected and revised lists as their rolls of assessment upon
the property therein described.    Said section also pro-
vides for an appeal from the action of the council.    By
section 11, after the passage and adoption of the
rolls of assessment, it is the duty of the council to
declare an assessment, and, in case said sum is not paid,
the amount is to be certified to the county auditor.    Not
one of these provisions of the ordinance was complied
with.    Whatever may be the rule as to notice, in the
absence of a provision in an ordinance requiring it, in
such cases there can be no doubt that when the
city has, as in this case, undertaken to avail itself
of the provisions of the section of the Code before
stated, and fixed in its general ordinance the mode of

procedure, it is limited to the mode prescribed in the ordinance. *Lyman v. Plummer*, 75 Iowa, 354; *Mills v. City of Detroit* (Mich.), 54 N. W. Rep. 897. And it has been held that when neither the statute nor ordinance provided for notice to the property owner affected by the improvement the proceedings are void. *Bush v. City of Dubuque*, 69 Iowa, 233; *Gatch v. City of Des Moines*, 63 Iowa, 722. The facts of this case do not bring it within the rule announced in *Amery v. City of Keokuk*, 72 Iowa, 701, and cases therein cited. There was no contract pertaining to the doing of the work in the case at bar, nor any stipulated price agreed upon. No assessment was ever made, as contemplated by the statute and required by the ordinance, and hence the sum expended for the improvements never became a lien upon the property. *Kendig v. Knight*, 60 Iowa, 33. Defendants do not claim that any assessment was ever made against this property. No such allegation is made in the cross bill, nor is any reference there made to an ordinance upon which an assessment could be based. Having utterly failed to comply with its own ordinance as to the mode of procedure to collect pay for this improvement, the decree of the district court must be *affirmed.*