## CITY OF LAWRENCE *vs.* HENRY K. WEBSTER.

Essex.    November 4, 1896. — February 24, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*City — Expense of Filling Land — Attempt to agree with Owner — Notice of Assessment — Service of Notice — Statute.*

Notice to the owners of lands to be filled in a city, under the authority of St. 1890, c. 59, of a meeting of the city council, at which an opportunity to be heard upon the question whether the city shall fill the lands and assess the owners for the expense thereof is to be given, is a sufficient attempt on the part of the city, before filling the lands, to agree with the owners as to the manner of filling and the mode of payment therefor, if any such attempt is necessary under the statute; and a bill for the amount assessed by the board of aldermen upon an owner of such lands as his proportion of the cost of filling, sent by mail by the city treasurer nine days after the passage of the order and duly received by him, is a good notice of the assessment, and a sufficient compliance with the requirement of § 5 of the statute, that the notice shall be forthwith served.

CONTRACT, to recover the amount of an assessment upon the defendant for the expense of filling his land in the plaintiff city, under the provisions of St. 1890, c. 59. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

The case was argued at the bar in November, 1896, and afterwards was submitted on briefs to all the judges.

*C. U. Bell,* for the plaintiff.

*J. P. Sweeney,* for the defendant.

BARKER, J. The plaintiff, acting under the provisions of St. 1890, c. 59, has filled the defendant's land, assessed upon him a part of the expense of such filling, and seeks in this suit at law, under St. 1890, c. 59, § 5, to collect the amount so assessed. The defendant contends that the action will not lie, because there was no attempt before filling the lands to agree with him as to the manner of filling and the mode of payment therefor, because there was no sufficient notice of the assessment, and because the statement of the assessment sent to him through the mail was not properly served upon him.

1. Before ordering the land to be filled, the city council, having voted on September 17, 1890, that the land should be filled in order to abate an existing nuisance, and for the preservation of the public health, ordered that due notice should be given to the owners of the lands, and to all persons interested, that at a place, day, and hour named the city council intended to order the lands to be filled, and to assess the expense of such filling, or any portion thereof, to the owners, in accordance with the provisions of the statute cited, and that all such owners and persons interested would be heard by the city council at that time and place. This notice was duly left by a constable at the defendant's home, and was received by him, and he did not attend and was not represented at the meeting, nor did he take any subsequent steps with reference to the matter. We do not decide whether an attempt on the part of the city to agree with the defendant as to the manner of filling the land and the mode of payment therefor was necessary under the statute. See *Burt* v. *Brigham*, 117 Mass. 307; St. 1873, c. 189; *Ætna Mills* v. *Waltham*, 126 Mass. 422, 425; St. 1872, c. 337, § 3; *Braintree Water Supply Co.* v. *Braintree*, 146 Mass. 482, 488; St. 1886, c. 269, § 10. If such an attempt was required, we think the holding of the meeting and the notice that the defendant would there be heard by the city council was enough. The decision that the lands should be filled under the statute having been arrived at by the vote of September 17, 1890, the order of that date directing the notice of the meeting of September 29, 1890, did not commit the city to either of the two modes of doing the work provided by the statute, and under the notice all the owners could come in and be heard upon the whole subject. If the

owners appeared and said, " We wish to have the work done by contract, and we are ready to contract as to how it shall be done, and how we shall pay for it," there was nothing in the action of the city up to that time to prevent the making of such contracts, and there was the opportunity given at the very earliest point in the proceedings when it could be given for the owners to express their preference as to how the work should be done. It was in effect an offer and an opportunity for the making of an agreement with the owners. As the defendant did not appear, and took no action whatever, the city council had nothing else to do than to proceed in the only way they could proceed in the absence of an agreement, and it was justified in taking that course. A majority of the court think that the order passed on September 29, 1890, that the lands be filled, was passed after it sufficiently appeared that the city was unable to agree with the owners who had received notice and had done nothing.

2. The document sent to the defendant after the making of the assessment was in the opinion of a majority of the court sufficient in form to be held a good notice of the assessment. The assessment was made by an order of the aldermen, indorsed upon a report of a committee of the city council. The report stated the whole cost of the filling, deducted something more than half of the cost to be assumed by the city, and recommended the assessment of the balance upon the owners of the lands filled, as stated in a list or schedule which was part of the report. The order of the aldermen, after reciting that the lands had been filled in accordance with the statute, ordered that, under and by virtue of the act, the persons named in the schedule be and are charged and assessed with the sums therein set to their respective names. Thereupon a written and printed bill was sent to the defendant by mail by the city treasurer, and was received by the defendant in due course. The bill bore an impression of the city seal, and read as follows: " City of Lawrence. Lawrence, Mass., 189 . H. K. Webster, To City of Lawrence, Dr: 1891, Dec. 28, To filling lot south side of Essex St. west of Oxford St., 309.88."

No form of assessment or of notice of assessment was prescribed by the statute. The defendant had been previously in-

formed of the intention of the city council to order the land to be filled, and the whole or a part of the expense to be assessed to the owners under the statute; and the filling of the land was itself a visible act calculated to attract his attention. Under the circumstances, the bill was well enough calculated to inform him of the claim of the city, and to enable him to perform his duty to make payment, and to give him an opportunity to save himself from suit and his land from sale, or to apply for a jury to revise the assessment under the sixth section of the statute, if notice of the assessment was necessary to enable him to make such an application.

3. The sending of the bill by mail, it having been actually received in due course of mail, was, in the opinion of a majority of the court, sufficient. It gave the defendant all the information which a notice could have given if personally served by an officer. The assessment order was passed on December 28, 1891, and the bill was mailed and received on the ninth day thereafter. This, considering the fact that steps had to be taken by different departments of the city government, was within the requirement that the notice should be forthwith served. The statute makes no other specific requirement as to how the notice shall be served, save in the case of non-resident owners, while as to other notices required by the statute explicit directions are given as to the manner of service. A communication sent through the mail and actually received is substantial notice, and in the present case was a sufficient compliance with the direction of the statute. St. 1890, c. 59, § 5. See *Russell* v. *Wellington,* 157 Mass. 100; *Pickford* v. *Lynn,* 98 Mass. 491, 496.

Upon the agreed facts, the judgment for the defendant should be reversed, and judgment entered for the plaintiff for the amount of the assessment, with interest from the date of the writ.

*So ordered.*