### TOWN OF KETCHIKAN v. ZIMMERMAN.

(First Division. Juneau. December 1, 1910.)

#### No. 138KA.

1. MUNICIPAL CORPORATIONS (§ 972*)—TAXATION—NOTICE.

Where the act of Congress, authorizing municipal corporations in Alaska to assess property for taxation, requires the assessor to prepare an annual list and assess all taxable property of the town at its just and fair value, to file the list and assessment with the clerk and "serve a notice of the filing of the same upon each person residing in the town whose property has been assessed" (Act April 28, 1904, c. 1778, 33 Stat. 529), service by mailing notice to each person is sufficient.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2075, 2078–2082; Dec. Dig. § 972.*]

2. MUNICIPAL CORPORATIONS (§ 974*)—TAXATION—REVIEW.

The town council of Ketchikan, Alaska, met for the purpose of revising, reviewing, and approving lists of property and the assessment rolls before the levy of taxes for municipal purposes, without personally notifying each property owner of its intention to do so. Upon objection to the validity of the tax for the want of such notice, *held*, that the law did not require the notice to be given, and the tax was valid without it.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2083–2086; Dec. Dig. § 974.*]

This is an action by plaintiff, a municipal corporation, to collect the sum of $20 taxes, together with penalty for non-

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

payment of the same on lot 2 in block 1 of the town of Ketchikan for the year 1909.

The complaint alleges, among other things, that between the 1st day of August, 1909, and the 1st day of November, 1909, one Charles Thiel had been theretofore duly appointed by the common council of the plaintiff corporation as assessor; that the said Thiel thereafter qualified as such assessor, and did duly list and assess and set down upon the assessment rolls of said town all the real and personal property in said municipality subject to taxation; that the said assessment roll was thereafter duly revised, reviewed, and approved by the common council of said town of Ketchikan, acting as a board of equalization of said municipality, and as provided by ordinance No. 13, entitled "An ordinance for the purpose of raising revenue in the town of Ketchikan, district of Alaska, by assessment and general taxation of real estate and personal property, possessory rights and improvements," which ordinance was duly approved September 18, 1901, and as amended by ordinance No. 44, entitled "An ordinance amending certain sections of ordinance 13 of the ordinances of the town of Ketchikan," which ordinance was duly approved October 13, 1904, and as also amended by ordinance No. 81, entitled "Amending ordinance No. 13, entitled 'An ordinance for the purpose of raising revenues for the town of Ketchikan, district of Alaska, by assessment and general taxation of real estate and personal property, possessory rights and improvements,'" which ordinance was duly approved September 16, 1908; that there was duly assessed by said assessor the following described real estate and improvements upon real estate, situate within said town, to wit, that certain store building on front street, known as Zimmerman's general mercantile store, and lot upon which the same is situate, being lot No. 2 in block 1 of Hogg survey, adopted by plaintiff, said real estate and improvements being valued and so assessed at $2,000; that said defendant has a claim and title to and interest in said real estate and improvements, and is liable for and in duty bound to pay the taxes therein specified; that upon said property there was duly levied for the year 1909,

4 A.R.—17

by ordinance No. 86, entitled "An ordinance imposing a general tax for school and municipal purposes upon all of the real and personal property within the town of Ketchikan, and providing for the collection of the same," which ordinance was duly approved November 17, 1909, a tax amounting to the sum of $20, which was duly declared a lien upon the same; that all of plaintiff's aforesaid acts were done and performed by plaintiff, acting by and through its common council duly elected and qualified; that upon the 1st day of January, 1910, said tax became delinquent, and thereupon there accrued a penalty of 20 per cent. thereof, together with 8 per cent. per annum interest from said 1st day of January, all of which several tax, penalty, and interest remain wholly unpaid.

The defendant interposed a demurrer to said complaint on the general ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer having been overruled, the defendant answered, admitting the incorporation of plaintiff and the ownership of the defendant of the lot upon which the tax sued for was levied for the year 1909, but alleging that during all of the year 1909 the defendant resided in the town of Ketchikan, and that no notice of filing with the town clerk of any list or assessment of his said property, or any property, or of any meeting of the common council of said town for the purpose of revising, reviewing, or approving any such list or assessment was at any time during said year 1909 served upon the defendant.

Cosgrove & Ingersoll, for plaintiff.

J. W. Arctander, of Seattle, Wash., for defendant.

LYONS, District Judge. It is apparent from the pleadings that the only questions involved are: First, the sufficiency of the notice to the defendant by the assessor of his filing a list of all the taxable property in the town of Ketchikan with the town clerk; and, second, the sufficiency of the notice, if any notice is required, of the meeting of the common council for the purpose of revising, reviewing, and approving such list or assessment.

Referring to the notice required by the assessor of his having filed a list of the property that he has assessed with the clerk, the defendant contends that under section 6 of an act to amend and codify the laws relating to municipal corporations in the district of Alaska, approved April 28, 1904 (33 Stat. 529, c. 1778), the assessor must serve a notice personally on each person residing in the town, whose property has been assessed, that he has filed his list with the clerk of the town, showing all property of said town listed and assessed by him.

That portion of Section 6 of the act above mentioned, which is germane to the consideration of the question involved, provided:

"The assessor appointed by the council shall once each year, at such time as the council may direct, duly list and assess all the taxable property of the town at its just and fair value. He shall file such list and assessment as soon as completed with the clerk of the town, and shall serve a notice of the filing of the same upon each person residing in the town whose property has been assessed."

The evidence in this case tends to show that the assessor duly listed and assessed all the property within the town of Ketchikan according to law and the ordinances of said town; and that thereafter he mailed notices of filing the list and assessment with the town clerk to every party whose property was assessed. The clerk of the town testified that he prepared such notices for the assessor, and that, while he was not able to testify positively, he was convinced that such notices had been mailed to every resident of the town of Ketchikan whose property had been assessed. The defendant did not deny having received such notice by mail, as his counsel stated that he considered it immaterial whether such notice had been received by the defendant or not, since it was admitted by the plaintiff that there had been no personal service on the defendant of the filing of such list of property assessed.

If the mailing of notice is a sufficient service of notice of the filing of the assessor's list with the town clerk of the property assessed, then the burden is on the defendant to show that such notice to him was never mailed, or that he never received the same, for the assessor acts as a quasi judicial officer in making the assessment, and his acts in that respect will be presumed to be legal

and regular, unless his records, or the records of the common council, disclose the contrary; and the common council acts as a quasi judicial body in revising, reviewing, and approving the assessment made by the assessor. Therefore, unless its records disclose affirmatively noncompliance with the law or the town ordinances, its actions are prima facie legal, and one questioning either the acts of the assessor or the common council must assume the burden of showing that they are either irregular or ultra vires. Allen v. City of Portland, 35 Or. 420, 58 Pac. 509; Boyce v. Peterson, 84 Mich. 490, 47 N. W. 1095.

But the defendant contends that the service of the notice of the filing of the list with the town clerk must be a personal service, and contends that, whenever a notice is required to be served, personal service is meant, unless otherwise specifically provided.

There are three kinds of service known to our law: Personal service; substituted service; and service by publication. Our statute provides (section 46, p. 152, Carter's Annotated Alaska Codes) that in all cases the defendant shall be personally served, except in the particular instances referred to in said section and the following section. And in re Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, the court holds that no personal judgment can be procured against a defendant, except upon personal service. But should the same strictness be required in the service of notice upon a taxpayer that certain property has been taxed as when he is served with process notifying him that a judgment will be taken against him personally, unless he show cause in some manner before the court why such judgment should not be granted?

"Any legislative requirement as to service of notice must be complied with to render the same valid. Hence, where the charter requires personal service upon property owners, leaving a copy of the notice at their residence is not sufficient, and the posted notice to owners of abutting lots will not, it seems, constitute notice to the owner of a lot that does not abut the streets, although it is assessed as abutting thereon. Notice to a life tenant is not notice to remaindermen; but where service of the notice is served upon the executor of an estate, who is also a life tenant in possession, such notice is sufficient to bind him both as executor and as life tenant. Where the trustee of an estate received in due time a notice directed to the heirs, he was not heard to complain of the failure to address the notice to him as trustee. Where the manner of service upon resident owners is not prescribed, it has been held that the notice may be sent by mail." 28 Cyc. 1147, 1148.

City of Lawrence v. Webster, 167 Mass. 513, 46 N. E. 123, wherein the court said:

"The sending of the bill by mail, it having been actually received in due course of mail, was, in the opinion of a majority of the court, sufficient. It gave the defendant all the information which a notice could have given if personally served by an officer. The assessment order was passed on December 28, 1891, and the bill was mailed and received on the 9th day thereafter. This, considering the fact that steps have to be taken by different departments of the city government, was within the requirement that the notice should be forthwith served. The statute makes no other specific requirement as to how the notice shall be served, save in the case of nonresident owners, while, as to other notices required by the statute, explicit directions are given as to the manner of service. A communication sent through the mail, and actually received, is substantial notice, and in the present case was a sufficient compliance with the direction of the statute."

Wilson v. City of Trenton, 53 N. J. Law, 645, 23 Atl. 278, 16 L. R. A. 200, wherein the court quoted with approval the following language from the case of Tanham v. Nicholson, L. R. 5 H. L. 561:

"It was held in the House of Lords that when a tenant was shown to have an agent empowered to receive all communications for him, the delivery of a notice to quit to such an agent was effectual service on the tenant. Lord Westbury held that, if the circumstances were insufficient to establish an agency, they might raise a presumption of actual delivery of the notice to the tenant, which, in the absence of contradiction, would be sufficient."

Sherman v. Fisher, 138 Mich. 391, 101 N. W. 572; Lyman v. Plummer, 75 Iowa, 353, 39 N. W. 527, wherein the court holds:

"That a statute authorizing cities to provide, by ordinance, the mode in which a charge upon landowners for street improvements shall be assessed confers the power to determine the kind of notice of the assessment to be given the landowners; and, a notice by publication having been prescribed by a city ordinance, such notice is sufficient."

It is true in this case the city has not provided by ordinance any other method of serving notice upon the taxpayers than that provided by the statute, but the city has for years adopted and approved the method of notifying taxpayers of the filing of the tax roll with the clerk by the assessor, as was done

in this instance, and that is by mailing such notice to the residents of the town, whose property has been assessed.

There is no controversy in this case as to the reasonableness of the levy made by the council; no bad faith is charged. The defendant has failed to show that he did not receive or was not aware that the assessment had been made by the assessor and filed with the clerk; his only contention being the technical one that he was not personally served with such notice. In the absence of any such showing, it seems, and the court so holds, that the mailing of a notice to him of the filing of the list and assessment with the clerk by the assessor is in substantial compliance with the statute, which requires generally the service of such notice without indicating in what manner the notice may be served.

With reference to the second contention made by the defendant why the plaintiff should not have judgment, to wit, that no notice was served upon him of the meeting of the common council for the purpose of revising, reviewing, and approving the list or assessment made by the assessor, it is sufficient to say that the statute does not specifically require any such notice, but the ordinance provides that the common council shall meet for such purpose on the 1st day of November. The proof shows that such and all of the ordinances have been published. The proof further shows that notice was given by publication of the meeting of the board of equalization. There is no evidence that the defendant ever filed a protest against the assessment made against his property by the assessor, and never invoked the power of the board of equalization for the purpose of reducing the assessment made on his property by the assessor. Under the circumstances, it would seem that he is in no position to complain of what was done by the common council sitting as a board of equalization, particularly when there is no proof to indicate that the common council modified in any respect the assessment which had been made on the property of the defendant by the assessor. See Tripp v. City of Yankton, 10 S. D. 516, 74 N. W. 447; Lyman v. Plummer, 75 Iowa, 353, 39 N. W. 527.

The plaintiff should therefore recover from the defendant the sum prayed for in the complaint, together with its costs and disbursements herein.

Let findings of fact, conclusions of law, and judgment be entered in accordance herewith.