The Michigan Central Railroad Company v. Moses A. McNaughton.

*Ejectment—Plea puis darrein demurrable generally.*

The right of action in ejectment is not lost by conveying the premises after suit is brought; and a plea of such conveyance *puis darrein continuance* is demurrable generally.

The rule invalidating a conveyance if the grantor is not in possession and the property is held adversely by another, is not in force in Michigan.

Ejectment under Michigan statutes is substantially a real action and is a proceeding to try titles as well as to determine who has the right of possession. It applies where the remedy formerly was a writ of right. It is the only action for determining titles to land.

Comp. L., § 6232, in providing that if the title of plaintiff in ejectment expires after the commencement of the suit and before trial, he is still entitled to judgment for his damages, contemplates cases in which terms and rights expire, and not to cases where the right or title is simply transferred.

Judgment in ejectment relates back to the beginning of suit.

Error to Jackson.  Submitted Oct. 20.  Decided Jan. 5.

EJECTMENT.  Defendant brings error.  Affirmed.

*Gibson & Parkinson* and *G. V. N. Lothrop* for plaintiff in error.  The plaintiff in ejectment must not only have a right of possession on beginning suit, but at the time of trial: 3 Wait's Actions 11; Tyler on Ejectment 75–7; Adams on Ejectment 32; *Doe v. Lewis* 29 Ga. 45; *Cheney v. Cheney* 26 Vt. 606; *Cresap v. Hutson* 9 Gill 269; *Alden v. Grove* 18 Penn. St. 377; *Torrance v. Betsy* 30 Miss. 129; *M'Culloch v. Cowher* 5 Watts & Serg. 427; *Munsel v. Sanford* 1 Root 257; *Lathrop v. Demont* 9 Johns. 55; *City of Cincinnati v. Lessee of White* 6 Pet. 441.

*John D. Conely* for defendant in error.  Ejectment under Michigan statutes is a real action, *People v. Judge of Wayne* 24 Mich. 42; *Beebe v. Elliott* 4 Barb. 457; *Briggs v. Wells* 12 Barb. 567; *Bates v. Stearns* 23 Wend. 481; a statutory provision that where the right of plaintiff in ejectment has

terminated since action was brought verdict shall correspond, does not refer to a mere transfer of title (*Moss v. Shear* 30 Cal. 467). See generally as to the case, *Miles v. Caldwell* 2 Wall. 35; *Jordan v. Ping* 32 Iowa 64; *Hearne v. Erhard* 33 Tex. 60; *Jenney v. Potts* 41 Mich. 52.

GRAVES, J.   McNaughton brought an action of ejectment against the railroad company for certain premises in Jackson and the usual plea to the merits was regularly interposed. Subsequently and after the lapse of a term the company by leave of the court introduced a new plea which set up a conveyance by the plaintiff, after the last continuance, of all his estate in the premises to Mary R. McNaughton. The plea prayed judgment that the plaintiff be not allowed to further maintain the action.   The plaintiff filed a general demurrer to the plea and demanded judgment for the premises and the railroad company joined in the demurrer.   The circuit court sustained the demurrer and entered final judgment that the plaintiff recover in fee, that being the estate claimed in the declaration.   The case comes up on a writ of error brought by the railroad company.

Formerly ejectment was a mere possessory action which concluded no one either as to the title or possession exclusive of the period between the day of the demise and the recovery. The very party defeated might immediately bring a new action and litigate relative to the possession as often as he thought proper.   In the form which it acquired later the machinery of the action was made to embrace a series of legal fictions in the place of certain of its early actualities. The real claimant was supposed to have entered on the land and there made a lease, and thereupon to have retired leaving his lessee in possession under the demise and that the person previously in possession or some casual ejector came thereupon and expelled, ejected or ousted him.   These supposed proceedings were necessary to satisfy the theory of the action, and being assumed, a ground was presented for inquiring into the right of possession, the contest being in form between a fictitious lessee and the ejector, but in substance

and effect between the lessor, the real claimant, and the true tenant or adverse holder. This mere glance is hardly sufficient to convey a distinct idea of the nature of the former action. But a full explanation would be tedious and the case does not call for it. The learning of the bar will supply everything.

It was a part of the same system of law, which still prevails in New York and in most of the other states, that a conveyance by a party out of possession and during the existence of an adverse possession against him, was void. This principle was not allowed, however, to operate against the actual or ideal lease by the real claimant in ejectment. But wherever it obtains it is an insuperable obstacle to a conveyance by the plaintiff in ejectment. A mere release has not been considered as within the rule. The decisions can only be understood by reading them in the light of the law relating to real property and of the procedure for its recovery where they are made

Where a general demurrer was put in to a plea *puis darrein continuance*, setting up that one of the two separate lessors had released to the defendant, the court, in sustaining the demurrer, observed that as long as the remedy by ejectment was held a legal fiction and not a mere equitable remedy it seemed impossible to maintain the plea which was in effect that, after the lessor had made a lease and parted with his interest to the lessee, he made a release of the lessee's interest. *Doe ex dem Byne v. Brewer* 2 Chitty 323.

In *Robinson v. Campbell* 3 Wheat. 212, the lessor conveyed pending the action. The deed was offered in evidence and refused, and the question was saved by an exception. The court said, although an action of ejectment is founded on fictions, yet to certain purposes it is considered in the same manner as if the whole proceedings were real; for all the purposes of the suit the lease is to be deemed a real possessory title. If it expire during the pendency of the suit the plaintiff cannot recover his term at law without procuring it to be enlarged by the court, and can proceed only for antecedent damages. In the present case the lease is to be

deemed as a good subsisting lease, and the conveyance by the plaintiff's lessor during the pendency of the suit could only operate upon his reversionary interest, and consequently could not extinguish the prior lease. The existence of such a lease is a fiction; but it is upheld for the purposes of justice, and there is no pretense that it works any injustice in this case. See also *Jackson v. Bell* 19 Johns. 169; *Jackson v. Leggett* 7 Wend. 377; *Hubbard v Trustees* 2 J. J. Marsh. 81.

The rule for invalidating a conveyance in case the grantor is not in possession, and the premises are held adversely by some one other than the grantee, is not in force in Texas (*Lee v. Salinas* 15 Texas 495) nor in Ohio (*Lessee of Hall v. Ashby and Craven* 9 Ohio [Ham.] 96), and it is not in force here. Comp. Laws, § 4209. The Supreme Court of Texas held on full consideration, in the case cited, that conveyance by the plaintiff *pendente lite* was not an interruption of the suit, and in *Lessee of Dawson v. Porter*, the Supreme Court of Ohio decided that a deed by the lessor of the plaintiff, made after suit was brought, was not evidence to defeat recovery by the plaintiff (2 Ohio [Ham.] 304), and the ruling was subsequently approved in *McChesney's Lessee v. Wainwright* 5 Ohio (Ham.) 452.

Our statute has substantially superseded the old action of ejectment with its fictions and wearisome forms (§§ 6208, 6209), and has given under the same name a much broader and more potent remedy. As marked out by the Legislature it has the effectiveness of a real action. It is a proceeding to try titles as well as to determine who has the right of possession. It is made applicable to cases where formerly a writ of right was the appointed remedy, and it is the only action for the determination of titles to land.

The common law made it a general rule that the judgment in a real action should be rendered upon the title as it was at the date of the writ (*Hooper v. Bridgewater* 102 Mass. 512), and according to the statute the question on the trial in our ejectment is, whether the plaintiff had a right to recover at the time of the commencement of the suit (§ 6206), and the

right of possession to be established is referred to the same time. § 6226.

The verdict must in all cases specify the estate or right belonging to the plaintiff, whether it be in fee or for life or otherwise (§ 6231, subd. 7), and in case the plaintiff's estate expires after the commencement of the suit and before trial, he is still entitled to judgment for his damages. § 6232. In providing for the termination of the plaintiff's right or title the transfer of it is not intended. This clause contemplates those cases where terms and rights expire or come to an end and not to cases where the right or title is simply passed from one to another. The provision had its origin in New York where the law was against a transfer.

The judgment is made operative upon the title as against the defeated party and all others claiming from, through or under him by title accruing after the commencement of such action, unless in case of a new trial. §§ 6238, 6239. It relates, therefore, to the commencement of the action. An alienation by the defendant after the commencement of the suit, if he was in possession, or in receipt of the profits, is not allowed to bar or delay proceedings. § 6392.

In view of the nature of the action as it exists here, and considering the force and bearing of the provisions specially referred to, it seems impossible to carry out the statute, and at the same time construe the plaintiff's conveyance *pendente lite* as a bar to the further prosecution of the suit. It is possible that eventualities may disclose embarrassments which are not so evident now. But, be that as it may, the meaning of the action, as we find it, is too strong for the plea, and the judgment must be affirmed with costs. The case will take the usual direction to enable the company to sue for a new trial under the statute, and to allow such other proceedings to be had as may be proper in the court below.

The other Justices concurred.