LUTHER HEMMINGWAY, MARY JANE HEMMINGWAY AND
, JOSEPHUS RICHARDSON v. THADDEUS DREW.

*Ejectment—Doctrine of relation—Acquisition of title pending suit.*

Judgment in ejectment rests on the title in being at the beginning of the suit.

The doctrine of relation cannot be used to pervert justice or extinguish meritorious claims, but only to protect right.

A defendant in ejectment against whom judgment was recovered had obtained a quit-claim pending suit from one who held a valid tax-title on the premises. The title had matured before suit was begun. *Held*, that it did not relate back from his purchase so as to be merged with his claim as it existed at the beginning of the suit, and estop his grantee from contesting a subsequent ejectment suit brought by the plaintiff's grantee.

A defendant in ejectment is not bound to set up an outstanding tax-title in which he has no interest, in defence to the action; and he is at liberty to purchase it pending suit for the purpose of acquiring title.

Error to Berrien. Submitted Jan. 12. Decided Jan. 25.

EJECTMENT. Defendants bring error. Reversed.

*Clapp & Fyfe* and *H. H. Coolidge* for plaintiffs in error.

*Edward Bacon* for defendant in error. Judgment in ejectment will cut off any tax-titles acquired by defendant pending suit: Comp. L. § 6207; *Mahoney v. Middleton* 41 Cal. 41; *Whiting v. Butler* 29 Mich. 134; *Baker v. Pierson* 6 Mich. 531; an ejectment suit cannot be considered begun until filing of the plea: *Edmondstone v. Thomson* 15 Wend. 544; Comp. L. §§ 5723, 6208; tax-deeds relate back to the day of sale or the expiration of the period of redemption: *Clark v. West* 23 Mich. 251; *Johnson v. Ballou* 28 Mich. 396; *Hess v. Griggs* 43 Mich. 400; *Ferguson v. Miles* 3 Gilm. 358; judgment in ejectment estops the defendant from afterwards making any defence that he might have made before: *Jacobson v. Miller* 41 Mich. 96;

*Huntoon v. Russell* id. 317; *McLane v. Bovee* 35 Wis. 27; *Mann v. Rogers* 35 Cal. 318; *Marshall v. Shafter* 32 Cal. 177; *Satterlee v. Bliss* 36 Cal. 514; *Caperton v. Schmidt* 26 Cal. 510; *Territt v. Cowenhoven* 79 N. Y. 402; *Mahoney v. Van Winkle* 21 Cal. 558; *Miles v. Caldwell* 2 Wal. 42; *Sturdy v. Jackaway* 4 Wal. 175; the doctrine of relation will apply to sustain intermediate conveyances: *Whipple v. Farrar* 3 Mich. 437.

GRAVES, C. J.   Drew brought ejectment for 40 acres consisting of two twenty-acre parcels in the several occupation of the Hemmingways, the defendant Richardson being tenant of the female defendant. He proved a patent from the government to James Sherman in 1839; a conveyance from Sherman to John Snyder in 1855; and a deed from Snyder to himself in 1879.   To this evidence of right the defendants opposed two defences: *First*, adverse possession; and, *secondly*, certain tax titles.   The circuit judge took the case from the jury and directed a verdict in favor of Drew.

The tax titles asserted accrued under Auditor General's deeds on sales for delinquent taxes for the years from 1844 to 1849 inclusive, and also for the years 1851, 1852 and 1853.   Of these several deeds from the Auditor General, six were made to Flavius J. B. Crane, prior to 1853, and three were made to Francis Finnegan, February 11, 1859; and October 29, 1859, Finnegan quitclaimed to Jesse Hemmingway, the grantor of defendants.   Finnegan had previously acquired Crane's title.

January 17, 1859, and prior to the three last deeds, and also prior to the deed from Finnegan to Jesse Hemmingway, John Snyder, the grantor of Drew, commenced an ejectment against said Jesse Hemmingway, and on the 7th of the following February the cause was put at issue.

In November, 1865, the court entered judgment that Snyder was entitled in fee, and in August, 1878, the sheriff executed a writ of possession and made return that he had put Snyder in.   On Drew's objection the court decided that the tax deeds of the 11th of February, 1859, related

back to the sales, or at all events to the expiration of the periods of redemption, and hence that the defendants in this action were estopped by the judgment and proceedings in the ejectment by Snyder against Jesse Hemmingway from setting up those titles. The court erred.

A judgment in ejectment rests on the title in being at the commencement of the suit. *Mich. Cent. R. R. Co. v. McNaughton* 45 Mich. 87; *Snyder v. Hemmingway* ante p. 549. The doctrine of relation has no bearing. It is never invoked to effect illegitimate results, and it will not be recognized, except where its employment is called for to protect right. It has no existence as an instrumentality to pervert justice or extinguish meritorious claims. *Blackwood v. Brown* 29 Mich. 483.

The title at law growing out of the tax proceedings on which these deeds were given, had not vested when Snyder sued nor when issue was joined by Jesse Hemmingway, and Finnegan held the exclusive claim to it. He also held the entire right arising on Crane's purchases. So far as appears Jesse Hemmingway had no interest legal or equitable in any of the tax titles. If the earlier ones might have been shown as outstanding titles, he was not bound to set them up in defence, and the proceedings relative to the latest had not gone far enough to result in a full title. But if they were capable of use to defeat the Snyder title Jesse Hemmingway was not compelled to resort to them. Whether in case he had recurred to the tax titles and proceedings for the purpose of proving an outstanding right contradicting the Snyder title, and the judgment had still gone against him, the principle of estoppel would be appropriate, is a question which does not arise and is not considered.

This disposes of the case and it is needless to discuss the other branch of the defence.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.