WALKER v. FISHER.

Landlord and Tenant—Attornment—Summary Proceedings—
Defenses—Invalid Foreclosure.

A tenant who, after the foreclosure of a first mortgage on the
premises occupied by him, attorned to the purchaser, may
show in defense, in summary proceedings by such purchaser
to recover possession for nonpayment of rent, that, after at-
tornment, he was notified of the invalidity of the foreclosure
as to a second mortgage, the assignee of which was not made
a party notwithstanding the assignment was of record when
the foreclosure suit was commenced, and of the fact that
the second mortgage had been regularly foreclosed.

Error to Wayne; Donovan, J. Submitted April 19,
1898. Decided May 17, 1898.

Summary proceedings by Bryant Walker, administra-
tor *de bonis non* with the will annexed of the estate of
Corydon L. Ford, deceased, against Truman S. Fisher,
to recover the possession of land. The commissioner found
for complainant, and from a judgment of the circuit court,
affirming the decision, defendant brings error. Reversed.

*E. S. Clarkson*, for appellant.

*H. E. Spalding*, for appellee.

Long, J. This action was commenced before a circuit
court commissioner, to recover possession of certain prem-
ises in the city of Detroit. It appears that in 1887 the
premises were owned by Edwin W. Abbott. He and his
wife gave a mortgage thereon, which was afterwards
foreclosed in chancery, and the property sold under the
decree to the claimant. This sale became absolute August
29, 1897, and the claimant then received a deed as pur-
chaser. He found the defendant in possession of the

property, and made a demand that he pay rent to him for the month of October, and showed him his foreclosure deed. Defendant paid the rent for that month, and agreed to remain in possession thereafter as claimant's tenant. About November 1st, when the second month's rent became due, claimant called upon defendant for it, who refused to pay it, and claimed that he had received a notice from one Mary Sherman that she was the owner of the premises, and entitled to the rent. Proceedings were then commenced by claimant to recover possession. The commissioner found in favor of claimant, and the defendant removed the cause to the circuit court for Wayne county by writ of *certiorari*, where the judgment of the commissioner was affirmed. Defendant brings the case to this court by writ of error.

It appears from the return of the commissioner to the circuit court that the claimant, in the foreclosure of this mortgage, made Edwin W. Abbott and his wife, Daniel B. Newkirk, William L. Newkirk, and Clara I. Sheldon parties defendant to the bill. Defendant put in evidence, under objection, a mortgage on the premises made by Clara I. Sheldon to Nancy Newkirk, dated September 24, 1894, and recorded on the same day in the office of the register of deeds of Wayne county. He also gave evidence that this mortgage was assigned to Joachim Theeck, and that assignment duly recorded, June 26, 1896. A sheriff's deed on foreclosure of this mortgage was also put in evidence, running to Charles C. Stewart, and having indorsed thereon the certificate of the sheriff that the year's redemption would expire, and the deed become operative, October 27, 1897. Defendant also put in evidence a quitclaim deed from Charles C. Stewart to Mary Sherman, covering the premises, and recorded October 30, 1897. Upon this evidence being in, the commissioner returns that he found that—

"The defendant, on the 1st day of October, 1897, attorned to the claimant, recognized him as his landlord, and became a tenant of said premises under said claimant,

from month to month, at a rental of $16 per month, payable in advance on the first of each month, and that the proceedings in foreclosure of said Abbott mortgage, and the deed thereunder, gave the claimant the right to the possession of the premises."

The commissioner further decided that the evidence of defendant above stated was inadmissible, and insufficient to make out a defense. The circuit court evidently held to the same view, and affirmed the judgment. It was evidently the opinion of the commissioner that the defendant, having attorned to the claimant, was not in a position to dispute the landlord's title, and that, therefore, the evidence given by defendant was not admissible.

In this court it is contended by claimant that, though the defendant might be permitted to show that claimant's title had expired, yet the evidence was not sufficient to show such fact, and therefore the commissioner was right in his decision. Mary Sherman was not made a party to the claimant's foreclosure. She claimed the rents from the defendant. At the time of the foreclosure of claimant's mortgage, the proceedings for which were apparently commenced as early as August, 1896, the deed to Mary Sherman was not of record. Her deed was not recorded until October 30, 1897. Up to that time there was nothing upon the record to advise the claimant that Mary Sherman claimed any interest in the property. She obtained her title through the foreclosure of the mortgage given by Clara I. Sheldon to Nancy Newkirk, September 24, 1894. Clara I. Sheldon was made a party defendant to the claimant's foreclosure proceedings. Defendant testified that he originally rented the premises from Clara I. Sheldon, and paid rent to her up to the time he received notice from claimant that he must attorn to him. The record shows, however, that, before claimant's foreclosure suit was commenced, the mortgage was assigned to Theeck, and his assignment was of record. Mr. Theeck was not made a party to the claimant's proceedings to foreclose, and Mary Sherman claims title through that

foreclosure. Under these circumstances, the foreclosure of the claimant's mortgage was not effective to cut off Mrs. Sherman's rights under the Sheldon mortgage, though Mrs. Sheldon was made a party. Mrs. Newkirk had parted with her interest in the mortgage before this foreclosure, and it then rested in Theeck, who was not made a party. It follows that Mrs. Sherman was in no way affected by this foreclosure, and that, when she became possessed of the property under her deed, she was entitled to the rents until her rights were cut off by proper foreclosure of claimant's mortgage.

The defendant was entitled to show these facts in his defense; that is, he had the right to show that claimant's title had been cut off as to Mrs. Sherman by the foreclosure of the Sheldon mortgage, and that the title then rested in Mrs. Sherman, and would so rest until a new foreclosure by claimant, in which Mrs. Sherman is made a party. *Jenkinson* v. *Winans*, 109 Mich. 524; *McGuffie* v. *Carter*, 42 Mich. 497. We think there was sufficient evidence before the commissioner to show this, and that he was in error in ruling that the evidence offered by the defendant was inadmissible.

The judgment of the circuit court and of the commissioner must be reversed, and a judgment entered here in favor of defendant, with costs of all the courts.

The other Justices concurred.