LILLIE *v.* SNOW.

| 118 | 611 |
| 126 | 564 |

| 118 | 611 |
| 127 | 118 |

QUIETING TITLE—MAINTENANCE OF BILL—PROCURING TENANT TO SURRENDER POSSESSION.

The fact that defendant in a bill to quiet title lost possession of the lands in suit through the action of complainant's agent in inducing defendant's tenant to surrender possession in order to enable complainant to maintain the bill under 3 How. Stat. § 6626, which authorizes such a suit "against any person not in possession," is no defense, where defendant's title had been cut off by a valid tax deed to complainant; the tenant having the right, under such circumstances, to attorn.

Appeal from Muskegon; Russell, J. Submitted October 6, 1898. Decided December 6, 1898.

Bill by Ella H. Lillie against James Snow and others to quiet title. From a decree for complainant, defendant Snow appeals. Affirmed.

*Walter I. Lillie* (*Stephen H. Clink*, of counsel), for complainant.

*C. W. Sessions* (*Arthur Jones*, of counsel), for defendant Snow.

MONTGOMERY, J. This is an appeal from a decree in complainant's favor, in a bill filed under section 6626, 3 How. Stat., to quiet title to certain lands in Muskegon county. Complainant showed title in herself under a tax deed which established title in herself as against defendant Snow, who held the original title. The only defense attempted was that complainant was not in a position to maintain the bill, for the reason that she had, through her husband and agent, acquired the only possession which she obtained by unfair means, and with the purpose of filing the present bill.

The facts, as disclosed by the record, are that one Louis Rollenhagen became the purchaser of the lands in question under a decree for the taxes of 1893. On the 20th of April, 1897, Rollenhagen conveyed to complainant. At this date defendant Snow was in possession of the property by a tenant, one Sterenburg. Shortly after complainant's purchase, the husband of complainant visited the premises, and, after some negotiations, an agreement was made with the tenant that he vacate the premises and yield up possession to complainant upon complainant paying him the sum of $25, and agreeing that he (Sterenburg) should have the privilege of harvesting a portion of the potatoes then planted. This agreement was effected after Mr. Lillie had stated that he would have the right to apply for a writ to put complainant in possession, and upon his statement that he would prefer to pay the $25 to him (Sterenburg) than to pay a like amount in expenses. Mr. Lillie testified that he had in mind the filing of a bill at this time.

Does the fact that he had this purpose, together with his obtaining possession in the manner stated, bar the complainant from remedy under this statute? This, it seems to me, should depend on whether he committed any wrong in acquiring possession. The statute provides that any person having the actual possession and legal or equitable title to lands may institute a suit in chancery, etc. Complainant is therefore within the letter of the statute. It has been held, however, that where possession has been obtained by the complainant's wrongful conduct, he is not within the spirit of the statute, and cannot maintain a bill. Defendant relies on these cases. The first is *Stetson* v. *Cook*, 39 Mich. 750. In that case it appeared that one Ellis was in possession of the land under parties in privity with defendant. Complainant made arrangements with Ellis by which complainant was let into possession, and immediately filed the bill to quiet title. The case was not one in which the title of the landlord had terminated either by lapse of time or operation of law, and hence was not within the exception to the general rule that a tenant cannot dispute the landlord's title until he has been reinvested with possession. It is apparent, therefore, that Ellis had been induced to yield up possession in violation of the landlord's rights. It was held that the statute was not intended to reach a case where a party acquires possession by sharp practice.

The case of *Watson* v. *Lion Brewing Co.*, 61 Mich. 595, is also cited. In this case the defendant was in actual possession. The title under which defendant claimed had not terminated, and yet complainant unfairly and surreptitiously gained possession for the express purpose of filing the bill. It was held that he was not entitled to maintain the bill. It is apparent that the court in this last case did not intend to go further than to exclude this remedy in cases where the possession was taken wrongfully or surreptitiously, for in *Board of Supervisors* v. *City of Grand Rapids*, 61 Mich. 173, the same justice who wrote the opinion in *Watson* v. *Lion Brew-*

*ing Co.* held that where no other person or municipality had actual or exclusive possession, and the complainant, on the 8th of October, fenced in the *locus in quo*, and maintained possession until October 24th, the complainant had shown a right to maintain the bill.

In the present case the title of defendant had been terminated by operation of law. It was therefore lawful, and no breach of any duty which he owed to the defendant, for the tenant to surrender possession to the true owner. *McGuffie* v. *Carter*, 42 Mich. 497; *Lamson* v. *Clarkson*, 113 Mass. 348 (18 Am. Rep. 498); *Jenkinson* v. *Winans*, 109 Mich. 524. It is difficult to conceive how it can be said that the complainant is in any way culpable in acquiring possession in the manner in which she did. Her title is not disputed. No force was used. No wrongful collusion with one in privity with defendant is shown. She took possession of what was her own, and, having acquired such possession and maintained it for some weeks, filed this bill, which, under the express language of the statute, she was authorized to maintain.

The decree will be affirmed.

The other Justices concurred.