SHERMAN *v.* SPALDING.

126    561
s85NW1129
s132    249
126    561
138    392
138    1394

1. LANDLORD AND TENANT—ESTOPPEL—EXTINGUISHMENT OF LANDLORD'S TITLE.

> While a tenant is in general estopped to dispute his landlord's title, he may show that such title has become extinguished since the contract relation was established between them.

2. SAME.

> Thus: Plaintiff and W. each claiming the right to the possession of certain premises, the tenant thereof attorned to defendant, W.'s attorney, who agreed to hold him harmless as against plaintiff's claim. Plaintiff prevailed at law as against W., and the tenant assigned to plaintiff his claim for rent paid to defendant. *Held*, in an action for such rent, that defendant might show that plaintiff's title had been cut off, prior to the time such rent accrued, by certain city tax leases issued to defendant.

Error to Wayne; Donovan, J. Submitted April 3, 1901. Decided May 7, 1901.

*Assumpsit* by Mary Sherman against Hinton E. Spalding for money had and received. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Walker & Spalding*, for appellant.

*Charles C. Stewart*, for appellee.

MOORE, J. A reference to the case of *Walker* v. *Fisher*, 117 Mich. 72 (75 N. W. 144), will aid in the understanding of this case. The defendant in this case is a member of the law firm of Walker & Spalding, who were the attorneys for the plaintiff in *Walker* v. *Fisher*. After Mr. Walker obtained a judgment against Mr. Fisher in the circuit court, and while the case was pending in this court, a demand was made upon Mr. Fisher for rent, and the following agreement was entered into:

"Agreed by and between H. E. Spalding, of the first part, and Truman S. Fisher, of the second part, that second party hereby rents of the first party the premises No. 578 Lincoln avenue, Detroit, from date to May 1, 1898, the rent being paid in advance to March 1st, at $12.00 per month; and second party also to pay the water tax from Nov. 1st, '97, to May 1st, '98. First party guarantees to save second party harmless from any loss or damage on account of the claim for possession set up by Mary Sherman, or any other persons claiming under the title set up by her.

"Dated Feb. 7, 1898.          H. E. SPALDING.
                                          "T. S. FISHER."

Mr. Fisher paid Mr. Spalding, in all, $84.

The case of *Walker* v. *Fisher* was decided in this court May 17, 1898. In that case it was held, upon the record as then made, that Mrs. Sherman was entitled to the rent from Mr. Fisher, instead of Mr. Walker. After the decision in that case was handed down, Mr. Fisher assigned his claim against Mr. Spalding, for the $84 that he had paid to him for the rent, to Mrs. Sherman. She sued the defendant for that amount, and obtained judgment against him; the trial judge directing a verdict in

her favor.  The defendant has brought the case here by writ of error.

In the trial in the circuit court the defendant interposed, by way of defense, leases made to him by the city of Detroit, dated November 6, 1897, which had been obtained by the city in pursuance of sales made for the non-payment of the taxes for the years 1893, 1894, and 1895. It is insisted by the defendant that the court should have directed a verdict in his favor:

"1.  Because plaintiff has shown no title to the premises, or right of possession thereof, during the time covered by the bill of particulars.

"2.  Because title to said premises at the time aforesaid, and the right of possession thereof, was either in defendant or in the city of Detroit."

Upon the part of the plaintiff it was claimed that Mr. Fisher was her tenant, and could not change that relationship without first yielding to her the possession of the premises.  The circuit judge thought the following language should control the case, citing *Bertram* v. *Cook*, 32 Mich. 518:

"One who has taken possession under a lease cannot dispute his landlord's title, or make a valid attornment to a third person; nor during his tenancy can he buy in an outstanding title without his landlord's consent."

We think the circuit judge misapprehended the situation.  The rule is, as stated, that a tenant is not allowed to deny his landlord's title, or to do any act inconsistent therewith.  But what the defendant was seeking to show was that, after Mr. Fisher became the tenant of Mrs. Sherman, her title in fact to the property ended, and when it ended her right to collect rent ceased, and the right of Mr. Spalding to collect rent commenced.  His proposition is:

"Where the lease is made without any stipulation as to the taxes, the landlord himself, and not his tenant, is bound to pay the taxes; and the tenant may show that the title of the landlord has become extinguished by sale

for taxes, as well as by the voluntary conveyance of the landlord, or by sale on execution or on the foreclosure of a mortgage. This is settled law in Michigan, as well as in other States. *Jenkinson* v. *Winans*, 109 Mich. 524 (67 N. W. 549); *Lillie* v. *Snow*, 118 Mich. 611 (77 N. W. 241); 2 Tayl. Landl. & Ten. (8th Ed.) § 708; *Keys* v. *Forrest*, 90 Md. 132 (45 Atl. 22)."

These authorities support this contention, and we think the court erred in taking the case from the jury for the reason stated by him.

The plaintiff, in addition to the claim already discussed, says the judgment should not be disturbed because the questions involved are *res adjudicata*. This claim is based upon the following facts: After the decision in this court of *Walker* v. *Fisher*, Mr. Spalding commenced a suit before the circuit court commissioner to eject Mr. Fisher. The record does not disclose whether it was for failure to pay rent or not. He obtained a judgment before the commissioner. The case was appealed to the circuit court, where the circuit judge directed a verdict in favor of Mr. Fisher. Mr. Spalding did not appeal that case, but paid up the costs. The files and records of that case were not introduced in evidence in this case, but oral testimony was given upon the part of the plaintiff tending to show that Mr. Spalding claimed title under his tax leases, and that Mr. Fisher attacked them all for irregularities, and that Judge Frazer directed a verdict for the defendant on two grounds: *First*, that titles could not be tried in such proceedings; *second*, that Mr. Spalding was estopped from leasing to Mary Sherman's tenant. Testimony was given by defendant tending to show that the verdict was directed by Judge Frazer in the case of *Spalding* v. *Fisher* solely upon the ground that titles could not be tried in such proceedings. He contends that the case went off upon the law question, and was not decided upon the merits. There is a discussion of the rule which should govern in such cases in *Bond* v. *Markstrum*, 102 Mich., at page 17 (60 N. W. 283), a reference to which will make further discussion unnecessary here.

We are unable to say from the record as we find it whether the case is *res adjudicata* or not, and for that reason reverse the judgment of the court below and grant a new trial.

The other Justices concurred.