## SHERMAN *v.* SPALDING.

1. LANDLORD AND TENANT—MONEY HAD AND RECEIVED.
   The owner of land cannot, under a count for money had and received, recover, from a person to whom the tenant has attorned, the rent paid by the tenant.

2. SAME—GUARANTY.
   Defendant leased certain premises, and agreed to save the tenant harmless from loss or damage on account of an adverse claim of ownership made by plaintiff. After plaintiff's right had been established, the tenant assigned to her his claim for rent paid under the lease. She then brought suit against defendant for the money paid by the tenant. *Held,* that she could not recover under the guaranty, as no suit for damages had been brought against the tenant.

Error to Wayne; Rohnert, J. Submitted October 8, 1902. (Docket No. 19.) Decided February 17, 1903.

*Assumpsit* by Mary Sherman against Hinton E. Spalding for money had and received. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Charles C. Stewart,* for appellant.

*Walker & Spalding,* for appellee.

GRANT, J. For a full statement of this case, see 126 Mich. 561 (85 N. W. 1129).

1. Plaintiff cannot maintain this action upon the theory of money had and received by the defendant for her benefit. There was no contractual relation between them growing out of the contract between Mr. Fisher and the defendant. Neither expressly nor impliedly did defendant promise to hold the money paid him by Fisher for Mrs. Sherman. She had a contract with Fisher, and by that her rights and damages for its violation must be measured. Defend-

ant had a contract with Fisher, and by that defendant's and Fisher's rights must be determined. At the time the lease and contract of guaranty were made between Fisher and defendant, defendant in good faith believed that he had the title, under the judgment of the court in *Walker* v. *Fisher*. The court had so decided. That decision was reversed on appeal to this court. 117 Mich. 72 (75 N. W. 144). Fisher was willing to accept him as a landlord, and in good faith made the agreement to pay the rent to defendant. Under these circumstances, an action by plaintiff for money had and received will not lie. *Corey* v. *Webber*, 96 Mich. 357 (55 N. W. 982).

2. Plaintiff's right of action, if she has any, against defendant, depends upon the contract between the defendant and Fisher, and the assignment of the same by Fisher to plaintiff. The contract reads as follows:

"Agreed by and between H. E. Spalding, of the first part, and Truman S. Fisher, of the second part, that second party hereby rents of the first party the premises No. 578 Lincoln avenue, Detroit, from date to May 1, 1898,—the rent being paid in advance to March 1st,—at $12.00 per month; and the second party also to pay the water tax from November 1st, '97, to May 1st, '98. First party guarantees to save second party harmless from any loss or damage on account of the claim for possession set up by Mary Sherman, or any other persons claiming under the title set up by her."

The assignment reads as follows:

"For valuable consideration, I hereby assign and set over to Mary Sherman all my right, title, and interest in and to an account paid by me to Hinton E. Spalding for rent of No. 578 Lincoln avenue from November 1, 1897, to June 1, 1898, and hereby empower said Mary Sherman to collect the said account, amounting to the sum of eighty-four dollars."

This assignment is based upon the theory that defendant had $84 in his possession belonging to Fisher, or that defendant owed Fisher that amount. Defendant did not contract to pay the money he received as rent from Fisher

back to him upon the determination of the suit of *Walker* v. *Fisher* in this court adversely to Walker. He contracted simply and solely to hold Fisher harmless from any loss or damage he might suffer on account of Mrs. Sherman's claim. When Fisher had suffered damage, then, and then only, did defendant agree to respond. Plaintiff has no greater right than Fisher had. This contract cannot be construed with reference to what Mrs. Sherman might or might not do in case the suit of *Walker* v. *Fisher* was decided in favor of Fisher. It is unambiguous, and all prior conversations are merged in it. She might bring suit against Fisher, or she might not. If she brought suit and recovered, the defendant would be obliged, under his contract of guaranty, to pay the amount of the damages recovered. If she should not bring suit against him (Fisher), then he has not been damnified. She has not brought such suit, and therefore Fisher has not been damnified. Should Mrs. Sherman sue him, he would notify defendant of that suit, and it would be the defendant's duty to defend it. Under this contract of guaranty, defendant is entitled to be heard in, and, if he choose, to defend, any suit which Mrs. Sherman might bring against Fisher to recover the rent she claims to be due. He cannot be deprived of this right by the assignment of the contract to Mrs. Sherman.

I think the direction of the court was right, that the judgment should be affirmed, and this expensive litigation over a small amount ended. It is so ordered.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.