SHERMAN *v.* FISHER.

1. MORTGAGES—PRIORITY—FORECLOSURE—PARTIES.

   The assignee of a junior mortgage is not bound by proceedings to foreclose the senior mortgage, to which he was not a party.

2. CITY TAXES—TAX ROLLS—COMPLETION—NOTICE—PROOF.

   Under Detroit Charter of 1883 (Act No. 326, Local Acts 1883) providing in section 6 for publication of notice of the completion of the tax rolls, and in section 9 for publication of notice of their receipt by the receiver of taxes, the absence of proof on file that such notices were published is insufficient to create a presumption that they were not published as required by law, there being no provision of the charter requiring such proof to be filed.

3. SAME—TAX LEASES—ESTOPPEL TO ASSERT.

   Where the attorney of the purchaser of real estate on foreclosure of a first mortgage purchased certain tax leases with his own money after plaintiff's title had matured under foreclosure of a junior mortgage, and he testified that he did not know whether the price of such leases had been charged to his client, such facts were insufficient to justify a finding that the attorney purchased the leases for his client, so as to raise an estoppel as against plaintiff.

4. SAME—VESTING OF TITLE.

   Title under a city tax lease vests in the purchaser from the date of the lease.

5. LANDLORD AND TENANT — ESTOPPEL TO DENY LANDLORD'S TITLE.

   While a tenant is estopped to dispute his landlord's title as of the date of his lease, he may show that such title has been subsequently extinguished.

6. TAX LEASES—VALIDITY—LANDS BID IN BY CITY.

   Where a purchaser of certain tax leases from a city obtained a lease or leases covering all of the years for which the land had been bid in by the city, all of the leases bearing the same date, it was no objection to the validity thereof that, inasmuch as the city had bid in the land, it was not authorized to tax it thereafter.

Error to Wayne; Brooke, J.   Submitted October 21, 1904.   (Docket No. 76.)   Decided December 7, 1904.

Assumpsit by Mary Sherman against Truman S. Fisher for rent.   There was judgment for plaintiff on a verdict directed by the court, and defendant brings error.   Reversed.

*Walker & Spalding*, for appellant.

*Charles C. Stewart*, for appellee.

Hooker, J.   In 1887 one Abbott owned certain premises in Detroit, and subsequently gave two mortgages thereon.   The junior mortgage was assigned to Theeck, and the assignment was duly recorded.   The senior mortgage was foreclosed.   The property was. purchased at the sale by Walker, and the period of redemption expired. These proceedings did not bind Theeck, who was not a party to them.   See *Walker* v. *Fisher*, 117 Mich. 72.

Subsequently the junior mortgage was foreclosed, and the interest derived from the foreclosure sale came to be vested in Sherman, the plaintiff.   Fisher, the defendant, entered upon the premises previous to the foreclosures, as a tenant of Abbott, and there has been considerable litigation over the right to the amount due from him for rent.   See *Walker* v. *Fisher*, supra; *Sherman* v. *Spalding*, 126 Mich. 562.

In the present case Sherman has brought suit for rent under a lease which she claims to have made with Fisher in 1897; i. e., after the foreclosure of the junior mortgage. The only question that counsel for the defendant raises is whether he can maintain his defense by showing that Spalding acquired title to the premises, subsequent to the leasing, by three tax leases, acquired under the charter of the city of Detroit.

The circuit judge was of the opinion that the leases were valid, but that Fisher, having attorned to plaintiff, who had come lawfully into possession of the premises, could

not set up Spalding's subsequently-acquired title against her, his lessor. He therefore directed a verdict for the plaintiff for $137.53, and the defendant has appealed.

The tax leases were dated November 6, 1897, and that for 1895 recites that the premises were sold for taxes on June 1, 1896. It is claimed that redemption expired as to that sale on November 6, 1897, subsequent to the date of the lease. Defendant apparently concedes that, if his title accrued on the date of sale for taxes, the proof was not admissible. The tax leases were offered and received in evidence, whereupon evidence was offered on behalf of the plaintiff that whereas, under section 6 of the charter (Local Acts 1883, Act No. 326, chap. 10), the board of assessors were required to cause notice to taxpayers of the completion of the rolls to be published in two daily papers, and section 9 requires the receiver of taxes to give six days' notice of the receipt of the rolls by publication and posting. There is not on file evidence that either of said provisions were complied with. It is urged that this overcomes the prima facie case made by the introduction of the leases, under section 19 of the charter, and the claim of title based thereon.

Is proof of the publication of these notices indispensable to the authority to sell? If so, the title claimed under the leases fails; if not, it should be sustained. If we infer that this notice is in the nature of a notice that the assessment is open to review—and that is perhaps what it was designed for—absence of proof upon file that it was given is not sufficient to create a presumption that it was not given as required by law, as the charter does not require the filing of such proof. In the case of *Boyce* v. *Peterson*, 84 Mich. 490, it was so held under a similar statute. We see no reason for not applying the same rule to the less important notice of the delivery of the roll to the controller. This disposes of the question of title so far as it depends on the validity of the tax leases.

It is claimed, however, that this title was purchased by Spalding, in his capacity of attorney for Walker, and

hence that it is not available by Fisher against Sherman.. If Sherman can say that the purchase of the tax titles by Walker inured to her benefit, as owner, or representative of the owner, of the equity of redemption, this is perhaps a valid claim, or at least might be in a court of equity, assuming, of course, that Spalding's purchase was for Walker.

At the time that Spalding claims to have obtained title, Mrs. Sherman's title had matured under the foreclosure of the junior mortgage, and Spalding's title did not accrue, upon his theory, until November 6th. She was then an. owner subject to the Walker mortgage, and there may be some doubt whether the purchase of tax titles procured by Walker, if they could be said to have been so procured, could be set up against her—a question, however, which we do not decide. Whether or not this is so, Walker could not be compelled to purchase such titles, or pay taxes in the interest of Mrs. Sherman, and the record fails to show that he did. What testimony there is, in addition to the leases, which clearly convey the legal title to Spalding,. indicates that Spalding paid for them with his own money. He stated that he did not know whether this had been. charged to Mr. Walker. This is not sufficient to justify a jury in finding that the lands were purchased for Walker. See *Connecticut Mut. Life-Ins. Co.* v. *Bulte,* 45 Mich. 113.

The title being in Spalding, the next inquiry is whether it vested before the date of the lease. We are of the opinion that there can be but one answer to that question. It is that it did not. *Busch* v. *Nester,* 62 Mich. 381; *Hess* v. *Griggs,* 43 Mich. 397; *Hemmingway* v. *Drew,* 47 Mich. 554; *Boardman* v. *Boozewinkel,* 121 Mich. 323.

We have repeatedly held that while a tenant cannot dispute his landlord's title as of the date of his lease, he may show that it has been subsequently extinguished. See cases cited in opinion of Mr. Justice MOORE in the case of *Sherman* v. *Spalding,* 126 Mich. 563, 564; *Jenkinson* v. *Winans,* 109 Mich. 526.

It is suggested that, as the city had bid in the land for previous years, it was not authorized to tax it for 1895. If there would otherwise be any force in this contention— which we do not decide—it is lost by the fact that Spalding obtained a lease or leases covering all of these years, which leases all bear the same date.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., and GRANT and MONTGOMERY, JJ., concurred. CARPENTER, J., did not sit.