GREENBERG v CITY OF MADISON HEIGHTS

Docket No. 64730. Submitted January 11, 1983, at Detroit.—Decided March 10, 1983.

Defendant, City of Madison Heights, assessed real estate taxes on property consisting of the dental office of the plaintiff, Ralph A. Greenberg, which is located within a hospital owned and operated by Madison Community Hospital, a nonprofit corporation. Plaintiff leases his space from Community Medical Center, P.C., a corporation conducted for profit, however, the lease is silent regarding the responsibility of the parties for the payment of real estate taxes. Plaintiff appealed to the Michigan Tax Tribunal claiming that his lessor should be assessed the real estate taxes. The Tax Tribunal denied the claim. Plaintiff appeals.

*Held:*

1. The plaintiff's lessor, Community Medical Center, P.C., is the immediate lessee or user of the subject property and is, therefore, the entity which should be liable for the taxes. MCL 211.181; MSA 7.7(5) provides for taxation of exempt property in the first instance when the property is used in connection with a business conducted for profit. Here, the property was no longer exempt from taxation when the hospital, a nonprofit corporation, made the property available to be used by Community Medical Center, P.C., a business carried on for profit, and it was then subject to taxation.

2. The property tax exemption afforded the hospital did not insulate the lessor, Community Medical Center, P.C., from taxation. Plaintiff was not liable for the payment.

Reversed.

1. Taxation — Exemptions — Profit-Making Corporations.

The statute regarding taxation of exempt realty used privately in connection with a business conducted for profit provides for

References for Points in Headnotes

[1] 71 Am Jur 2d, State and Local Taxation § 365 *et seq.*
Availability of tax exemption to property held on lease from exempt owner. 54 ALR3d 402.

[2] 71 Am Jur 2d, State and Local Taxation §§ 374, 385, 386.

taxation in the first instance when the property is used in connection with a business conducted for profit; the immediate lessee or user of such property is subject to such taxation (MCL 211.181; MSA 7.7[5]).

2. TAXATION — EXEMPTIONS — NONPROFIT CORPORATIONS — LANDLORD AND TENANT.

A property tax exemption afforded a hospital, a nonprofit corporation, does not insulate the lessor of the hospital's property from taxation of the leased property where the lessor is a corporation using the property in connection with a business conducted for profit (MCL 211.181; MSA 7.7[5]).

*Bernstein & Rabinovitz, P.C.* (by *Stephen R. Bernstein),* for plaintiff.

*Susan M. Tardiff,* Assistant City Attorney, for defendant on appeal.

Before: BEASLEY, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

PER CURIAM. In 1980, defendant, City of Madison Heights, assessed real property consisting of the dental office of plaintiff, Ralph A. Greenberg, which is located within a hospital operated by Madison Community Hospital, a Michigan nonprofit corporation. Plaintiff leases his space from Community Medical Center, P.C., a Michigan profit corporation. Claiming that his lessor, Community Medical Center, P.C., should be assessed the real estate taxes, rather than he himself, plaintiff appealed to the Michigan Tax Tribunal. On May 12, 1982, the Tax Tribunal denied the claim. Plaintiff appeals therefrom as of right.[1]

On March 23, 1982, the parties submitted the following stipulation of facts to the Tax Tribunal:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Neither Madison Community Hospital nor Community Medical Center, P.C., is a party to this action.

"1. This dispute involves real property consisting of a dental office within a hospital located in the City of Madison Heights, State of Michigan.

"2. The true cash value is not in dispute. Rather, petitioner [plaintiff Greenberg] alleges that he is not the proper party to be assessed.

"3. The property is described as follows:

    Tax Code No. 99-09-000-388
    Tax Year Covered: 1980

"4. Petitioner is a dentist who leases office space within the Madison Community Hospital, a Michigan nonprofit corporation. The lease, however, runs between petitioner and Community Medical Center, P.C., a Michigan profit corporation. It is the position of the petitioner that he should not be liable for the real property taxes as the user, but, rather that Community Medical Center, P.C., should be liable.

"5. Respondent [defendant City of Madison Heights] believes that petitioner is the user for taxation purposes pursuant to MCL 211.181."

The subject property is owned by Madison Community Hospital, a nonprofit corporation which, pursuant to MCL 211.7d; MSA 7.7(4a), is exempt from taxation. Under a written lease executed on November 27, 1979, plaintiff leased a dental suite for a five-year term from Community Medical Center, P.C. This written instrument is silent regarding responsibility for the payment of real estate taxes or assessments levied against the property.[2]

The tax in question is based on MCL 211.181; MSA 7.7(5), which provides in pertinent part:

"Sec. 1. (1) When any real property which for any

[2] In the absence of a provision in the lease, the landlord ordinarily is liable for the payment of taxes levied against the property. *Sherman v Spalding*, 126 Mich 561, 563-564; 85 NW 1129 (1901); *Wycoff v Gavriloff Motors, Inc*, 362 Mich 582, 587-588; 107 NW2d 820 (1961); 86 ALR2d 663; 49 Am Jur 2d, Landlord and Tenant, § 354, pp 365-366.

reason is exempt from taxation is leased, loaned, or otherwise made available to and used by a private individual, association, or corporation in connection with a business conducted for profit, the lessees or users thereof shall be subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of such property."

Plaintiff argues that his lessor, Community Medical Center, P.C., is the entity that should be subject to taxation for real property taxes, since his lessor is the first "lessee or user" of the tax exempt real property.

Defendant contends that the proper party to be taxed is the user of the premises, namely, plaintiff, who leases the tax exempt property for the purpose of conducting a profit making profession.

In denying plaintiff's claim, the hearing officer held that the statute imposes liability for real property taxes on otherwise exempt property on either the lessee or the user, and since plaintiff uses the property for purposes of conducting a profitable business, he clearly is the "user" thereof.

In *Baker v State Tax Comm,*[3] numerous physicians appealed a Michigan State Tax Commission ruling which approved tax assessments by the City of Ann Arbor. Using office space in a tax exempt hospital, the physicians, who did not pay rent, established the fees that they charged their patients and handled their own billings. The *Baker* Court held that the physicians were subject to the tax under the terms of the statute, since they were using tax exempt property in conjunction with a business conducted for profit.

The within case is distinguishable from *Baker,* as there the plaintiffs did not pay rent to the tax

---

[3] 395 Mich 151; 235 NW2d 322 (1975), *reh den* 395 Mich 923 (1976).

exempt entity, whereas here plaintiff pays rent to a third party, a profit making corporation. We read the statute to provide for taxation in the first instance when the property is used in connection with a business conducted for profit. When the hospital, a nonprofit organization, made the property available to be used by Community Medical Center, P.C., in a business carried on for profit, namely, the leasing of office space, the property no longer was exempt from taxation. In our view, it is plaintiff's lessor, Community Medical Center, P.C., which, under the statute, is the immediate "lessee or user" of the subject property.

We conclude that the property tax exemption afforded the hospital, a nonprofit organization, does not insulate the lessor, a corporation using the property in connection with a business conducted for profit, from taxation. Thus, the Tax Tribunal committed a clear error of law when it denied plaintiff's claim. We reverse the judgment of the Michigan Tax Tribunal which held plaintiff liable for the payment of real estate taxes on the offices he leases.

Reversed.