# STATE OF MICHIGAN

# COURT OF APPEALS

TAMMY MORWAY,

        Plaintiff-Appellant,

v

MOTORS LIQUIDATION COMPANY,

        Defendant,

and

VOITH INDUSTRIAL SERVICES,

        Garnishee-Defendant-Appellee.

UNPUBLISHED
June 21, 2018

No. 337963
Genesee Circuit Court
LC No. 2011-095182-NO

Before: SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals from an order of the circuit court granting summary disposition in favor of garnishee-defendant Voith Industrial Services ("Voith") on plaintiff's attempt to collect on a judgment she had obtained against defendant Motors Liquidation Company[1] ("defendant") under an indemnification agreement between defendant and garnishee-defendant. We affirm.

In 2009, Voith had a contract with defendant to provide janitorial services at its Bristol Road facility. Plaintiff was employed by Voith and worked at the Bristol Road facility. Plaintiff was injured while at work at the Bristol Road facility when a GM employee ran over plaintiff's foot with a high-low. According to plaintiff, she was taken to the hospital where an x-ray showed that she suffered from an avulsion fracture to her left great toe. She received stitches and was given antibiotics and pain medication. She continued to suffer symptoms from her injury and was later diagnosed with reflex sympathetic dystrophy and was disabled from employment.

---

[1] Motors Liquidation Company was formerly known as General Motors Corporation. It is the General Motors Corporation that filed for bankruptcy on June 1, 2009. The parties also occasionally refer to it as "old GM" (in contrast to the post-bankruptcy "new GM").

-1-

The incident occurred less than a month before GM filed bankruptcy. This resulted in an automatic stay of all claims against defendant, including plaintiff's claim. Several months later, the parties entered into a stipulation that would allow plaintiff to proceed forward with her personal injury claim against defendant in state court in lieu of pressing her claim in bankruptcy court. The parties' agreement included the following provision:

> Upon entry of an order of the Court approving this Stipulation, the automatic stay imposed under section 362 of the Bankruptcy Code shall be modified solely to the limited extent necessary to enable (a) Plaintiff to name MLC as a defendant in the State Court Action and (b) the State Court Action to proceed to final judgment or settlement. In the event that any such judgment or settlement (collectively, the **"Plaintiffs Claim")** occurs in favor of the Plaintiff, the Plaintiff's Claim may only be enforced against or recoverable from any available insurance coverage provided by a third party insurer, including the Insurance Policies, subject to any applicable deductibles or similar self-insured retentions or from any indemnification or subrogation agreements pursuant to which third parties are liable. Under no circumstances will the Plaintiff's Claim be asserted against or recoverable from the Debtors, their estates, or their assets (including under any chapter 11 plan). Plaintiff shall not seek any discovery from the Debtors in the State Court Action.

The agreement further provided that it served as the full settlement and satisfaction of plaintiff's claim and that upon approval of the agreement by the bankruptcy court, plaintiff would withdraw her claim with prejudice.

Plaintiff thereafter filed suit in circuit court. She obtained a default judgment against defendant in the amount of $2,000,000 plus interest, costs, and attorney fees. Plaintiff sought to collect the judgment against Voith under an indemnification clause in the contract between defendant and Voith. That clause provided as follows:

> If Seller [Voith] performs any work on Buyer's [GM] premises or utilizes the property of Buyer, whether on or off Buyer's premises, Seller shall indemnify and hold Buyer harmless from and against any liability, claims, demands or expenses (including attorney's and other professional fees) for damages to the property of or injuries (including death) to Buyer, its employees or any other person arising from or in connection with Seller's performance of work or use of Buyer's property, except for such liability, claim, or demand arising out of the sole negligence of Buyer.

The trial court granted Voith's motion for summary disposition based on the argument that because defendant would not have to pay any claim, it did not suffer a loss for which Voith was obligated to indemnify defendant. Plaintiff argues on appeal that the trial court erred in concluding that there could be no indemnification in the absence of GM's actually paying the claim. While we agree with that narrow proposition, we nevertheless conclude that the trial court properly granted summary disposition in favor of Voith, albeit for a different reason. We review the trial court's grant of summary disposition de novo, as well as the interpretation of the

contract itself. *DaimlerChryster Corp v G Tech Professional Staffing, Inc*, 260 Mich App 183, 185; 678 NW2d 647 (2003).

As the federal court observed in *JP Morgan Chase Bank, N.A. v First Am Title Ins Co*, 795 F Supp 2d 624, 631-632 (ED Mich, 2011), there is a distinction between contracts for indemnification of liability and indemnification of loss:

> "It is well settled that an action for indemnity accrues when liability of the indemnitee becomes fixed (contract of indemnity against liability), or when the indemnitee has suffered an actual loss or damages (contract of indemnity against loss or damage)." *Rouge Steel Co v. Suli & Sons Cartage Inc.,* 2004 WL 1621191, *2 (Mich.App.2004) (citing *Sherman v. Spalding,* 132 Mich. 249, 251, 93 N.W. 613 (Mich.1903)).

In this case, the indemnification clause in the contract between defendant and Voith provided for indemnification for both liability and loss. The trial court, however, in its decision seems to focus only on the question whether GM suffered a loss, overlooking the issue of liability. And the issue of liability presents a rather unique situation: plaintiff settled its claim against defendant and agreed not to assert a claim against the bankruptcy estate, yet at the same time the agreement allowed plaintiff to pursue a claim in state court and plaintiff obtained a default judgment that establishes liability. Moreover, the bankruptcy discharged any liability. Thus, the trial court should have looked beyond just the issue of whether defendant suffered a loss, but also to the more complex question whether liability by defendant became fixed and, therefore, triggered that aspect of the indemnification agreement.

This presents an interesting conundrum. But there is an alternative ground raised by Voith, though not directly addressed by the trial court, which presents a clearer approach.[2] The indemnification agreement specifically excludes indemnification for GM's sole negligence. And plaintiff's complaint only alleged negligence by GM and its agents, servants and employees. The complaint only alleges that defendant, through its employees, was negligent. Plaintiff's complaint further alleges that her injuries were the direct and proximate result of defendant's negligence. It is only after the default was obtained and plaintiff sought this garnishment that she began to ascribe the possible negligence to others in addition to GM. Specifically, she attributes some negligence to herself for not paying close enough attention and possibly to Voith for not supplying a supervisor to protect its employees. But, just as the default judgment establishes liability by GM, it also fixes in place plaintiff's allegations of negligence; specifically, plaintiff's allegations that GM was solely negligent and the cause of her injuries.

---

[2] Although we typically defer to the trial court to decide an issue in the first instance, it is within our purview to decide on appeal an issue presented in the trial court if the record is adequate to decide the issue. That is, we may affirm the trial court if it reached the right result for the wrong reason. *Outdoor Systems, Inc v City of Clawson*, 262 Mich App 716, 720 n 4; 686 NW2d 815 (2004).

Because we conclude that the trial court should have granted summary disposition on this basis, we affirm the trial court. And because this issue resolves the matter, we need not discuss Voith's remaining alternate grounds in support of summary disposition.

Affirmed. Garnishee-defendant may tax costs.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood